IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Auto-Owners' Insurance Company, | ) | Civil Action No. 9:15-4063-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gordon & Associates, Inc., *and* Martin Engineering, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion to strike or deem admitted certain responses to requests for admission as to Defendant Martin Engineering, Inc. (Dkt. No. 23) and Plaintiff's motion to compel discovery responses and to strike or deem admitted certain responses to requests for admission as to Defendant Gordon & Associates, Inc. (Dkt. No. 24). For the reasons set forth below, the Court grants in part and denies in part each motion.

I. **Background**

On September 30, 2015, Plaintiff Auto-Owners' Insurance Company ("Auto-Owners") filed the present action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. Plaintiff seeks a declaration that insurance policies issued to Defendant Gordon & Associates, Inc. ("Gordon") do not provide liability insurance coverage in an underlying construction defect lawsuit, *Jasper County School District v. Celek & Celek Construction, Inc., et al.*, Case No.: 2014-CP-27-0111. Plaintiff asserts that coverage does not exist under the policies issued to Gordon because certain provisions exclude "products-completed operations."

On January 26, 2016, Auto-Owners served each Defendant with interrogatories, requests for production, and requests for admission which included interlocking interrogatories and requests for production. The interlocking interrogatories and requests for production require

-1-

identification of particular facts and corresponding documents on which Defendants rely as a basis to deny the requests for admission. Defendant Martin Engineering, Inc. ("Martin") responded on February 9, 2016. Plaintiff asserts that Martin's responses to five of the six requests for admission are deficient. Defendant Gordon responded on February 24, 2016, providing responses to the requests for admission that are verbatim copies of Martin's responses. Plaintiff asserts that those responses are likewise deficient, and Plaintiff further asserts that Gordon did not respond to the first set of interrogatories or requests for production at all, despite receiving multiple deadline extensions.

After correspondence attempting to resolve the disputes with Martin and with Gordon, Auto-Owners, on March 24, 2016, moved to strike or to deem as admissions Martin's purportedly deficient responses to the first five requests for admission. (Dkt. No. 23.) On the same day, Auto-Owners made an identical motion regarding Gordon's identical responses to those same requests for admission, and additionally moved to compel Gordon to respond to the first sets of interrogatories and requests for production. (Dkt. No. 24.) Martin responded in opposition to Auto-Owners' motion (Dkt. No. 25) but Gordon did not respond.

## II. <u>Legal Standard</u>

### A. Motion to Compel

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories to parties. Interrogatories may "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Interrogatories must be answered "by the party to whom they are directed," or, where that party is a corporation, partnership, organization, or agency, "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). To the extent they are not objected to, each interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Rule 34 of the Federal Rules of Civil Procedure governs document production requests. A party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. *See* Fed.R.Civ.P. 34(b)(2)(B)–(C).

A party may object that an interrogatory or a document production request exceeds the scope of discovery permitted by Rule 26(b)(1); that it should be denied for the grounds stated in Rule 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." Fed. R. Civ. P. 33(b)(4). The failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the Court excuses the failure for good cause shown. *Id.*

To the extent that the items at issue are relevant and properly discoverable, taking into consideration the Rule 26(b)(2)(C) proportionality factors, and to the extent that they have not been produced, a court should grant a motion to compel, but if the items are not relevant or discoverable, the motion should be denied. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012).

**B.     Motion to Strike or Deem Admitted**

Rule 36 of the Federal Rule of Civil Procedure governs requests for admission. A party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Fed. R.

Civ. P. 36(a)(1). A matter is deemed admitted if the responding party fails timely to provide a written answer or objection to the request for admission. Fed. R. Civ. P. 36(a)(3); *see also* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."). If a matter raised in a request for admission is not admitted, the responding party's answer "must specifically deny [the matter] or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The denial "must fairly respond to the substance of the matter." *Id.* When "good faith requires that a party qualify an answer or deny only a part of a matter, the answer [to the request for admission] must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). The party responding to a request for admission also may "assert lack of knowledge or information as a reason for failing to admit or deny," but may do so "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*; *see also* 8B Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. (3d ed.) § 2261 ("A general statement that [a party] can neither admit nor deny, unaccompanied by reasons, will be held to be an insufficient response, and the court may either take the matter as admitted or order a further answer.").

Additionally, the party responding to a request for admission may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 36(a)(5). "The grounds for objecting to [the] request must be stated," and a party may not object "solely on the ground that the request presents a genuine issue for trial." *Id.* A party may object that a request for admission exceeds the scope of discovery permitted by Rule 26(b)(1); that responding to a request would require disclosure of attorney-client privileged or work product protected material, *see* Fed. R. Civ. P. 26(b)(3); or that a request is defective in form and therefore unanswerable, *see* Fed. R. Civ. P.

36(a)(2). *See also* Wright *et al.*, *supra*, § 2262 ("Each request . . . should be phrased simply and directly so that it can be admitted or denied without explanation.").

Rule 36 further provides that "[t]he party who requested the admissions may move to determine the sufficiency of the answers or objections." Fed. R. Civ. P. 36(a). If a party's answers are "evasive or fail to respond to the substance of the question, and the evidence establishes that the request should have been admitted," the court may deem the matter admitted. *See S. Ry. Co. v. Crosby*, 201 F.2d 878, 880–81 (4th Cir. 1953)). But courts should consider deeming requests for admission admitted only if there is some record evidence of good faith attempts to resolve the issue during discovery and, failing that, a motion to compel responses. *Christmas v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 435, 446 (E.D.N.C. 2014).

### III. Analysis

#### A. Motion to Strike or Deem Admitted as to Defendant Martin

"The Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection . . .; (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest." *Michael v. Wes Banco Bank, Inc.*, Civ. No. 5:04-46, 2006 WL 1705935, at *2–3 (N.D.W. Va. June 16, 2006). Consideration of the sufficiency of the answers or objections to a request for admission focuses "on the specificity of the response and not on whether the response is [factually] correct." *United States v. Gwinn*, Civ. No. 5:06-267, 2008 WL 906486, at *2 (S.D.W. Va. Mar. 31, 2008). The Federal Rules of Civil Procedure do not require parties to explain a denial, *Scherer v. GE Capital Corp.*, 2000 WL 303145, at *3 (2000 D. Kan.), and "[a] party may not seek a pre-trial determination of the accuracy of an opponent's denial of a request for admission, merely because the evidence does not support that denial" *United States v. Operation Rescue Nat'l*, 111 F. Supp.

2d 948, 968 (S.D. Ohio 1999). *See also Michael*, 2006 WL 1705935, at *3 ("[T]he Court will not question the basis for Defendant's denials . . . ."); *Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993).

Auto-Owners propounded interrogatories and requests for production seeking explanations any denials Martin might assert in response to the requests for admission. Martin can be compelled to respond to those interrogatories and requests for production. But the rules governing requests for admission do not require Martin to provide any factual basis in support of a denial of a request for admission. If Martin denies a request for admission, the denial cannot be deemed an admission simply because Martin failed to respond to interrogatories or requests for production interlocking with that request for admission. In such circumstance, the proper remedy would be to compel Martin to respond to the interrogatories and requests for production.

Plaintiff identifies five responses to requests for admission that are purportedly deficient.

*First Request for Admission*

Admit that the Auto-Owners policy issued to Gordon and Associates, LLC, for policy period October 1, 2005 through October 1, 2006, contains no completed operations coverage, as set forth in Entry Nos. 1-1, 1-2, and 1-3.

*Response to First Request for Admission*

Denied. The response to this request to admit is necessarily bound up in factual questions that will need to be resolved throughout the discovery process. As such, any response to this Request for Admission is premature. This Defendant will admit that there appears an endorsement which purports to address completed operations, but that other provisions within the insurance contract render those endorsements meaningless in the instant situation.

Martin clearly denies the request for admission, asserting that the policy does cover completed operations and that an endorsement regarding completed operations is inapplicable. Auto-Owners objection to Martin's response is simply that Martin failed to "to provide any factual

basis in support of [the] denial." (Dkt. No. 23 at 6.) That is not a proper basis for deeming a denial of a request for admission as an admission.

Regarding the interlocking interrogatory, Martin argues, "the response itself is responsive and the documents were produced informally as well as formally." (Dkt. No. 25 at 3.) But Martin's response quite clearly fails to respond to the interlocking interrogatory, which asks Martin to identify the documents supporting the denial, *i.e.*, the provisions in the insurance contract that render the completed operations endorsement "meaningless." Martin has not done so. Therefore, the Court orders Martin to respond to the interlocking interrogatory and request for production, within fourteen days of the date of this Order, by identifying the "other provisions within the insurance contract" that purportedly render the completed operations endorsement "meaningless."

*Second Request for Admission*

Admit that the Auto-Owners policy issued to Gordon and Associates, LLC, for policy period October 1, 2006 through October 1, 2007, contains no completed operations coverage, as set forth in Entry Nos. 1-1, 1-2, and 1-3.

*Response to Second Request for Admission*

Denied. The response to this request to admit is necessarily bound up in factual questions that will need to be resolved throughout the discovery process. As such, any response to this Request for Admission is premature. This Defendant will admit that there appears an endorsement which purports to address completed operations, but that other provisions within the insurance contract render those endorsements meaningless in the instant situation.

The second request for admission is identical to the first, except for the relevant policy dates. Martin's response is identical as is Auto-Owner's objection to that response. Therefore, the Court likewise does not deem this request for admission admitted but orders Martin to respond to the interlocking interrogatory and request for production, within fourteen days of the date of this Order, by identifying the "other provisions within the insurance contract" that purportedly render the completed operations endorsement "meaningless."

*Third Request for Admission*

Admit that the insurance policy issued by Auto-Owners to Gordon and Associates, LLC from October 1, 2004 through October 1, 2005, contains an endorsement excluding completed operations coverage, as set forth in Entry Nos. 1-1, 1-2, and 1-3.

*Response to Third Request for Admission*

Denied. This Defendant would refer to the Declarations page of the referenced policy.

Martin denies this request for admission, asserting that declarations page of the policy indicates $2 million in completed operations coverage and that the endorsement regarding completed operations fails to exclude completed operations coverage. Auto-Owners' objection to Martin's denial is nothing more than an objection to the accuracy of the denial, which, according to Auto-Owners, is "unfairly" asserted. (Dkt. No. 23 at 6.) As explained above, an objection to the accuracy of a denial of a request for admission is an improper basis for a motion to deem the request for admission admitted. Therefore, the Court does not deem this request for admission admitted but orders Martin to respond to the interlocking interrogatory, within fourteen days of the date of this Order, by explaining why the endorsement at docket entry 1-1, page 20, is not an endorsement excluding completed operations coverage for the period relevant to the request for admission.[1]

*Fourth Request for Admission*

Admit that the Auto-Owners policy issued to Gordon and Associates, LLC, for policy period October 1, 2006 through October 1, 2007, was cancelled effective November 4, 2006, as set forth in Entry Nos. 1-1, 1-2, and 1-3.

---

[1] Martin proffers an explanation regarding this endorsement in its response to Auto-Owners' motion to strike or deem admitted, but Auto-Owners is entitled to a response to the interrogatory. *See, e.g., Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (rejecting attempt to substitute attorney communications for Rule 33 interrogatory responses).

-8-

*Response to Fourth Request for Admission*

Denied. Upon information and belief, an additional policy was issued to Gordon and Associates, Inc., after the referenced policy and this Defendant is unable to admit or deny that the referenced policy was cancelled.

Martin's response to this request for admission is contradictory. Martin cannot both deny the request and decline to admit or deny it. The Court therefore strikes Martin's response, and orders Martin to make a satisfactory response within fourteen days of the date of this Order. If Martin asserts that it can neither admit nor deny this request for admission, Martin's response must explain why it is unable to admit or deny the request for admission. If Martin denies the request for admission, Martin must also respond to the interlocking interrogatory within fourteen days of the date of this Order.

*Fifth Request for Admission*

Admit that Martin Engineering, Inc. was not included as an additional insured under the Auto-Owners policies issued to Gordon and Associates, LLC, for the policy periods October 1, 2004 through October 1, 2007, as set forth in Entry Nos. 1-1, 1-2, and 1-3.

*Response to Fifth Request for Admission*

Denied. Martin Engineering, Inc. was not specifically identified within the policy; however, other provisions within the policies afford coverage to Martin Engineering, Inc.

Although whether "other provisions within the policies afford coverage" to Martin is a question distinct from Auto-Owners' request for admission, which asks whether Martin was named in the policy as an additional insured, Martin nonetheless clearly denies the request for admission. Auto-Owners' objection to Martin's denial is an objection to the accuracy of the denial, which is not a basis for deeming admitted a denied request for admission. The Court however orders Martin to respond to the interlocking interrogatory, within fourteen days of the date of this Order, by

-9-

identifying what policy provision provided coverage to Martin during the period relevant to this request for admission.

### B.    Motion to Compel and to Strike or Deem Admitted as to Defendant Gordon

Auto-Owners asserts that Gordon has not responded to its first set of interrogatories or request for production at all, and moves the Court to compel Gordon to respond. Gordon has not responded to Auto-Owners motion. The Court therefore grants the unopposed motion to compel as to the first set of interrogatories and requests for production. Gordon must respond fully and without objection to the interrogatories and requests for production served on Gordon on January 26, 2016 within fourteen days of the date of this Order.

The Court will not grant the motion to strike or deem admitted Gordon's purportedly deficient responses to the requests for admission, despite Gordon's failure to oppose Auto-Owners' motion. Gordon's responses are verbatim copies of Martin's responses, Auto-Owners' arguments regarding Gordon's responses are identical to its arguments regarding Martin's responses, and Martin has filed a response in opposition to those arguments. The Court rules on the motion to strike or deem admitted as to Gordon identically as on the motion as to Martin: no responses to the requests for admission are deemed admitted, Gordon's response to the fourth request for admission is stricken, and Gordon must respond to the fourth request for admission and to the interrogatories and requests for production interlocking with the first five requests for admission in like manner as provided above regarding Martin, within fourteen days of the date of this Order.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion to strike or deem admitted certain responses to requests for admission as to Defendant Martin (Dkt. No. 23). The Court **STRIKES** Martin's response to Plaintiff's Fourth Request for Admission and **ORDERS** Martin to respond to that request for admission within fourteen (14) days of the date of

this Order. The Court otherwise **DENIES** the motion to strike or deem admitted, but the Court **FURTHER ORDERS** Martin to respond to the interrogatories and requests for production interlocking with Plaintiff's first five requests for admission within fourteen (14) days of the date of this Order and in accordance with the provisions of this Order.

And, for the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion to compel discovery responses and to strike or deem admitted certain responses to requests for admission as to Defendant Gordon (Dkt. No. 24). The Court **STRIKES** Gordon's response to Plaintiff's Fourth Request for Admission, and **ORDERS** Gordon to respond to Plaintiff's First Set of Interrogatories, First Set of Requests for Production, and Fourth Request for Admission within fourteen (14) days of the date of this Order. The Court otherwise **DENIES** the motion to compel and to strike or deem admitted, but the Court **FURTHER ORDERS** Martin to respond to the interrogatories and requests for production interlocking with Plaintiff's first five requests for admission within fourteen (14) days of the date of this Order and in accordance with the provisions of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2, 2016
Charleston, South Carolina