IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | Civil Action No. 9:15-4063-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Gordon & Associates, Inc., *and* Martin Engineering, Inc., | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff Auto-Owners Insurance Company's ("Auto-Owners") motion for summary judgment. For the reasons set forth below, the Court grants Plaintiff's motion.

I.  **Background**

Auto-Owners issued four commercial general liability insurance policies to Defendant Gordon & Associates ("Gordon"): Policy Number 032316-36724233-04 (October 1, 2004 to October 1, 2005), Policy Number 032316-36724233-05 (October 1, 2004 to October 1, 2005), Policy Number 032316-36724233-06 (October 1, 2006 to October 1, 2007), and Policy Number 064616-36032248-07 (November 4, 2007 to November 4, 2008) (respectively, "Policy 04–05," "Policy 05–06," "Policy 06–07," and "Policy 07–08"). (Dkt. Nos. 31-2 at 1–2; 31-3 at 1–2; 31-4 at 1–2; 34-5 at 5–6.) Policy 04–05 was cancelled effective either November 4, 2006 or December 1, 2006 for nonpayment of premium due. (*See* Dkt. No. 1-3 at 10 & Aff. of Joseph Stubbs ¶ 7, June 27, 2016, Dkt. No. 28-1 (November 4 cancellation); Dkt. No. 1-3 at 7–9 (December 1 cancellation).) Policy 07–08 was cancelled for nonpayment of premium on January 1, 2008. (Stubbs Aff. ¶ 9.) Each policy had an each occurrence limit of $1 million and a general aggregate coverage limit of $2 million. (*Id.*) The 04–05 policy also had products-completed operations

-1-

coverage to an aggregate limit of $2 million.[1] The 05–06, 06–07, and 07–08 policies excluded completed operations from coverage. (Dkt. Nos. 31-3 at 1; 31-4 at 1; 31-5 at 5.)

Defendant Martin Engineering ("Martin") was engaged to provide construction services for two schools in Jasper County, South Carolina: the Ridgeland School Complex ("Ridgeland") and the Hardeeville School Complex ("Hardeeville"). On June 21, 2005, Martin contracted Gordon to provide and install an exterior stucco finish system for the Ridgeland project. (Subcontract Agreement, Dkt. No. 28-3.) Gordon began work on or about September 2006; the work was substantially completed on or before August 15, 2007. (Dkt. Nos. 38-4 at 2 (noting that as of November 7, 2006 Gordon had been working on site at Ridgeland for eight weeks); 28-9 ¶ 6 (Martin's admission that all work was substantially completed on or before August 15, 2007).)

On March 7, 2014, the Jasper County School District filed suit against various construction contractors who worked on the Ridgeland and Hardeeville projects. *Jasper Cty. School Dist. v. Celek Const., Inc.*, No. 2014-CP-27-111 (the "Underlying Action"). The allegations relevant to the present suit are that "[a]fter the Projects were completed, latent defects arose in the building envelopes resulting in water intrusion and property damage in numerous locations at the Projects." Complaint ¶ 15, Underlying Action. On September 3, 2014, Martin answered an amended complaint in the Underlying Action, asserting a third-party complaint against, *inter alia*, Gordon,

---

[1] In its motion for summary judgment, Auto-Owners "identifies" this policy as having completed operations coverage yet disputes that the policy had such coverage because an endorsement excluded completed-operations. (Mot. Summ. J. 3 n.5.) The declarations page for the 04–05 policy plainly provides for completed operations coverage (*see* Dkt. No. 31-2 at 1) and, as Gordon argues, the declarations page also shows a premium paid for such coverage (*see* Resp. Opp'n Summ. J., Aug. 15, 2016, Dkt. No 31 at 12). Policy 04–05 certainly appears to have completed operations coverage; however, for purposes of the present motion, the Court merely assumes without finding that the 04–05 policy had completed operations coverage, as that is the assumption most favorable to the non-movants.

for indemnity, negligence, breach of warranty, and breach of contract. Answer of Martin Eng., Underlying Action.

On September 30, 2015, Auto-Owners filed the present action, seeking a declaration that its policies issued to Gordon provide no coverage for the Underlying Action. Auto-Owners asserts that there is no coverage because of provisions in the policies in force during the relevant period that exclude completed operations. Martin asserts that the removal of completed operations coverage from the policies issued after the 04–05 policy was not communicated to, or authorized by, Gordon. Gordon has not responded to Auto-Owners' discovery requests, this Court's order compelling discovery responses, or Auto-Owners' motion for summary judgment. The Court takes notice that Gordon & Associates, Inc., dissolved on December 18, 2007. Business Filings, S.C. Sec'y State, http://www.sos.sc.gov/ (last visited Aug. 22, 2016). The person served with the summons for Gordon in this action and who testified as Gordon's Rule 30(b)(6) witness, Floyd Gordon II, appears now to operate his stucco and plastering business through Gordon Stucco & Plastering Services LLC, which was formed on November 29, 2007. *Id.*

## II. **Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of

demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. Amenability to Suit of Gordon & Associates, Inc.

Gordon & Associates, Inc. dissolved nearly eight years before Auto-Owners filed the present action. "It is well settled at common law and in the federal courts that a corporation which has been dissolved is as if it did not exist. All actions pending against it are abated and no new actions may be begun unless there is some statutory authority (of the state of incorporation) for the prolongation of its life, even for litigation purposes." *Johnson v. RAC Corp.*, 491 F.2d 510, 513 n.3 (4th Cir. 1974) (internal quotation marks and citations omitted). However, "[m]ost jurisdictions have, however, chosen to provide by legislation for a partial continuation of the existence of a corporation after the termination of its corporate life, for the purpose of enforcing liabilities that had previously accrued against it." *Id.* South Carolina law permits commencement of a proceeding against a dissolved corporation in its corporate name. S.C. Code § 33-14-105(c)(5). Claims against the dissolved corporation, which were unknown at dissolution, are barred unless brought within five years—but only if the dissolution was noticed "in a newspaper of general circulation in the county where the dissolved corporation's principal office . . . is or was

last located." S.C. Code § 33-14-107. Gordon has not asserted that it provided any such notice. The Court therefore concludes that an action against Gordon & Associates, Inc., regarding claims unknown at the time of dissolution, is permissible under South Carolina law.

Furthermore, Floyd Gordon, II accepted service of the amended complaint on behalf of Gordon and testified on behalf of Gordon. Counsel for Gordon filed an answer to the amended complaint and a Rule 26(f) report (Dkt. Nos. 8, 13, 19), although Gordon failed to file responses to the interrogatory required by Local Rule 26.01, which asks if the Defendants are properly identified. The Court therefore finds that any objection to proceeding against Gordon & Associates, Inc., has been waived.

### B.    The Merits

Auto-Owners' "products-completed operations hazard" coverage provides general liability coverage for all bodily injury and property damage arising from the insured's completed work and occurring away from the insured's premises. (Commercial General Liability Coverage Form § 5 ¶ 17, Dkt. No. 28-2 at 28.) South Carolina courts have ruled that "completed work" has its plain meaning, so that "completed operations coverage applies when the insured contractor completes work on a project." *Laidlaw Envtl. Servs. (TOC), Inc. v. Aetna Cas. & Sur. Co.*, 524 S.E.2d 847, 850 (S.C. Ct. App. 1999). The Plaintiff in the Underlying Action alleges that latent defects in building envelopes resulted in water intrusion occurring "[a]fter the Projects were completed." Complaint ¶ 15, Underlying Action. Thus, there is no genuine dispute that the coverage type relevant to the present action is "completed operations." Gordon began work no earlier than August 2006 and completed work no later than August 2007. So the coverage period relevant to this action is, at most, August 2006 to August 2007. The policies relevant to that period are the 05–06 and 06–07 polices, which together cover the period October 2005 to October 2007. Both

of those policies explicitly exclude completed operations coverage. (*See* Policy 05–06; Policy 06–07.)

This is not a close case, given that the relevant coverage is completed operations and that the relevant policies are the 05–06 and 06–07 policies, which exclude such coverage. Martin's argument that Gordon was not notified that it had no completed operations coverage is utterly unpersuasive. The policy declaration pages provided by Martin in opposition to summary judgment plainly state, "Products/Completed Operations – *Excluded . . . No Coverage*" for every period after October 1, 2005. (Policy 05–06; Policy 06–07; Policy 07–08 (emphasis added).) They also clearly state that the general aggregate coverage does not include completed operations. (*Id.*) There is no allegation that Auto-Owners failed to provide policy declaration pages, or provided different policy declaration pages, to Gordon. Rather, Martin weakly argues that the fact that Mr. Gordon purportedly does not remember being told of the change in coverage from Policy 04-05 to Policy 05–06 (*i.e.*, that he purportedly failed to read the policy declarations, or that he did read them but now, ten years later, cannot remember doing so) creates a genuine dispute as to whether Auto-Owners is liable for completed operations coverage. (*See* Resp. Opp'n Summ. J. 7–8 (quoting deposition testimony of Floyd Gordon).) Martin itself was obliged to review the insurance coverage before allowing Gordon to commence work at Ridgeland. (Subcontract Agreement art. 9, Dkt. No. 28-3 at 5.) So Martin implicitly argues that it too simply assumed $2 million in insurance coverage without checking the *current* policy declarations.[2]

Martin also argues that Gordon never authorized the removal of completed operations coverage from policies issued after Policy 04-05. But whether Gordon authorized the removal of

---

[2] The policy in force when Martin contracted with Gordon on June 21, 2005 provided for completed operations coverage. (*See* Policy 04–05.) However, that policy did not cover the period when Gordon actually worked on Ridgeland, which commenced over a year later. (*Id.*)

-6-

completed operations coverage from policies in force after October 1, 2005 is of no consequence in the present action. There is no genuine dispute that Auto-Owners notified Gordon of that change ten weeks before it became effective. (*See* Policy 05–06 (declarations page of the first policy without completed operations coverage, issued July 18, 2005 for the period October 1, 2005 to October 1, 2006).) Nor is there any genuine dispute that the policy declarations accurately described the coverage in force when Gordon began work at Ridgeland. (*See* Policy 05–06; Policy 06–07.)

Hence, Auto-Owners has no obligation to indemnify or to defend Gordon in the Underlying Action. The Court therefore need not reach the question of whether Martin is an additional insured under policies issued to Gordon. Nor does the Court need to reach the question of whether the cancellation of Policy 06–07 has any bearing on Auto-Owners' obligations in the Underlying Action. (*See* Dkt. No. 1-3 at 10 (showing cancellation of Policy 06–07 after only one month of coverage).)

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. No. 28), and **DECLARES** that Auto-Owners Insurance Company has no obligation to indemnify or to defend Gordon & Associates, Inc., in the matter of *Jasper County School District v. Celek Construction*, Inc., et al., No. 2014-CP-27-111, pending in the Court of Common Pleas, Jasper County, South Carolina.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 22, 2016
Charleston, South Carolina